United States Court of Appeals,

Fifth Circuit.

No. 95-30168.

Myrtle W. BLANCHARD and Patrice A. Dumas, on behalf of themselves and others similarly situated, Plaintiffs-Appellees,

v.

Rose FORREST, in her capacity as Secretary of the Louisiana Department of Health and Hospitals, Defendant-Appellant.

Jan. 8, 1996.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before REYNALDO G. GARZA, KING and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Rose Forrest, as Secretary of the Louisiana Department of Health and Hospitals, appeals from the district court's partial summary judgment for the plaintiffs. Finding no error, we affirm.

I. BACKGROUND

Myrtle W. Blanchard ("Blanchard") and Patrice A. Dumas ("Dumas") brought this class action on behalf of Louisiana Medicaid applicants to challenge certain policies of the Louisiana Department of Health and Hospitals ("LDHH")—the state agency that administers Louisiana's Medicaid plan. Specifically, the plaintiffs argued that LDHH's retroactive coverage policy violates the federal Medicaid statute. That statute requires that Medicaid assistance be made available to an eligible Medicaid applicant for covered medical services furnished to the applicant during the three months preceding the month in which he or she applied for Medicaid, if the applicant had been eligible for Medicaid when the

services were furnished. 42 U.S.C. § 1396(a)(34). LDHH's retroactive coverage policy limits Medicaid coverage for medical expenses incurred during the retroactive coverage period, and initially paid out-of-pocket by the applicant, to instances where the medical provider voluntarily refunds the Medicaid applicant's payment, and then submits a claim evidencing the refund to LDHH.

The experiences of the named plaintiffs exemplify the dilemma created by Louisiana's retroactive coverage policy. Blanchard is a 65-year-old insulin-dependent diabetic who has a fixed income of $477 per month in Social Security benefits. In February 1994, she was found eligible for retroactive Medicaid coverage for the period from February 20, 1993 to April 1993. Thereafter, Blanchard requested that the pharmacy from which she had purchased medication refund her payments totaling $197.28 and submit a claim to Medicaid. The pharmacy refused to do so. Similarly, in July 1994, Dumas's minor son was found eligible for Medicaid effective February 1, 1992. Dumas then sought refunds from pharmacies from which she had purchased $40 worth of medications for her son during the retroactive coverage period. The pharmacies denied her requests, and explained to her that such a denial was their standard policy when Medicaid clients had paid for supplies before the clients were found eligible for Medicaid.

On May 8, 1995, the district court granted the plaintiffs' motion for partial summary judgment[1], concluding that LDHH's

_____

[1]The remainder of the plaintiffs' claims, involving delays in LDHH's processing of medicaid applications and appeals in violation of the federal Medicaid statute, have been resolved by

2

retroactive coverage policy violates 42 U.S.C. §§ 1396a(a)(10)(B) and (34).[2] The district court ordered LDHH to "establish a mechanism to provide coverage for bills for medical care, supplies and services during the retroactive coverage period established by 42 U.S.C. § 1396a(a)(34) where applicants have paid for such care, supplies or services in whole or in part." In its Order and Reasons, the district court noted that LDHH may remedy its violation either by requiring "providers to refund payments received for services provided during the retroactive eligibility period and to then submit their claims to Medicaid, or [by] reimburs[ing] recipients directly for these expenses." Forrest appeals the grant of summary judgment, arguing, along with amicus, the Louisiana State Medical Society, that genuine issues of material fact exist, and that the district court's proposed "required refund and submit" remedy infringes the providers' right, required by federal regulations, to willingly choose Medicaid patients, and violates the Contracts Clauses of the United States and Louisiana Constitutions.

## II. STANDARD OF REVIEW

We review a grant of summary judgment de novo, applying the

---

the parties' agreement to a Consent Judgment, which is currently awaiting approval by the district court, and which is not made part of this appeal.

[2]The plaintiffs additionally argued that Louisiana's retroactive coverage policy violated due process and equal protection. However, the district court did not reach these arguments in granting summary judgment, and the plaintiffs' have withdrawn their due process and equal protection arguments on appeal. Thus we shall not address these arguments.

3

same criteria used by the district court in the first instance. *Norman v. Apache Corp.,* 19 F.3d 1017, 1021 (5th Cir.1994); *Conkling v. Turner,* 18 F.3d 1285, 1295 (5th Cir.1994). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

### III. DISCUSSION

Medicaid, enacted as Title XIX of the Social Security Act (codified at 42 U.S.C. §§ 1396, 1396a-u (1988)), is a joint federal-state program through which the federal government provides financial assistance to States to aid them in furnishing medical care to certain low-income or medically needy individuals. *Wilder v. Virginia Hosp. Ass'n,* 496 U.S. 498, 502, 110 S.Ct. 2510, 2513-14, 110 L.Ed.2d 455 (1990). A State's participation in the Medicaid program is voluntary; however, if a State chooses to participate, its Medicaid plan must comply with the federal Medicaid statute and regulations promulgated by the Health Care Financing Administration, the federal agency responsible for overseeing state Medicaid plans. *Id.; Abbeville Gen. Hosp. v. Ramsey,* 3 F.3d 797, 800 (5th Cir.1993), *cert. denied,* --- U.S. ----, 114 S.Ct. 1542, 128 L.Ed.2d 194 (1994).

Under federal Medicaid law, a state plan must provide that "the medical assistance made available to any individual ... shall not be less in amount, duration, or scope than the medical

4

assistance made available to any other individual...."  42 U.S.C. § 1396a(a)(10)(B).  "Medical assistance" is defined as "payment of part or all of the cost of the [covered] care and services (if provided in or after the third month before the month in which the recipient makes application for assistance ...)...."  42 U.S.C. § 1396d(a).  The federal Medicaid statute also mandates that a state Medicaid plan must make available medical assistance for covered medical services furnished to the Medicaid recipient within the three months prior to the month in which the recipient applied for Medicaid ("the retroactive coverage period") if the recipient would have been eligible for Medicaid at the time the medical services were furnished.  42 U.S.C. § 1396a(a)(34).[3]  This requirement is commonly referred to as the "retroactive coverage requirement", and the federal regulations implementing it proclaim that it mandates that all state Medicaid plans:

> make eligibility for Medicaid effective no later than the third month before the month of application if the individual—
>
>> (1) Received Medicaid services, at any time during that period, of a type covered under the plan;  and

---

[3]Section 1396a(a)(34) provides:

> [I]n the case of any individual who has been determined to be eligible for medical assistance under the plan, such assistance will be made available to him for care and services included under the plan and furnished in or after the third month before the month in which he made application (or application was made on his behalf in the case of a deceased individual) for such assistance if such individual was (or on application would have been) eligible for such assistance at the time such care and services were furnished.

42 U.S.C. § 1396a(a)(34).

5

> (2) Would have been eligible for Medicaid at the time he received the services if he had applied (or someone had applied for him), regardless of whether the individual is alive when application for Medicaid is made.

42 C.F.R. § 435.914(a).

LDHH is the state agency which administers Louisiana's state Medicaid plan. LDHH's policy on retroactive coverage, purporting to implement the requirements of 42 U.S.C. § 1396a(a)(34), provides as follows:

> When retroactive payment shall not be made
>
> (1) for services received in any period prior to the third month preceding that of application.
>
> (2) for services for which payment has already been made [by] a source other than the Division of Family Services (predecessor to the Louisiana Medicaid Program), even though the person was eligible at the time of the service, except when the provider refunds all payment received and accepts the division's payment as payment in full (except in long term care facilities). The refund must be clearly established on the bill the provider submits to state office (now UNISYS).

This policy provides coverage for Medicaid-coverable bills paid privately (by the recipient, not an insurer), in whole or in part, during the retroactive coverage period, *only* if the medical provider *first,* before submitting the claim to LDHH's Medicaid program, *voluntarily* refunds the money paid by the recipient, and then after making the refund, submits the bill to LDHH for payment at Medicaid rates. Because Medicaid rates are usually much lower than the rates providers charge private patients, Medicaid providers in Louisiana have a disincentive to provide voluntary refunds to patients determined to be Medicaid-eligible after the services or supplies were furnished. Even if a recipient has only

partially paid the medical provider for a service rendered during the three-month retroactive coverage period, LDHH will not pay the provider the balance unless the provider first voluntarily refunds the recipient's payment.  Ironically, a Medicaid applicant who fails or refuses to pay for services rendered during the three month retroactive coverage period, will receive medical assistance from LDHH for that period, because LDHH will pay directly a provider who submits a claim for the full amount.

In sum, federal law requires state Medicaid plans to make available medical assistance during the retroactive coverage period.  Under the federal statute and regulations, a Medicaid recipient must meet three requirements to obtain retroactive medical assistance:  (1) medical services or supplies covered under the Medicaid plan must have been furnished;  (2) during the three months prior to the month in which the recipient filed his Medicaid application;  and (3) the recipient must have been eligible for Medicaid at the time the services or supplies were furnished.  For Medicaid applicants who pay the provider at the time of service[4], the Louisiana policy adds a fourth requirement—that the medical provider first voluntarily refund payments made by the Medicaid applicant, and then submit a claim to LDHH for repayment at the lower Medicaid rate. Undoubtedly, few medical providers seeking to maximize their profits will volunteer such charity, as evidenced by

---

[4]Medicaid applicants needing prescription medicines during the retroactive coverage period do not have the choice of refusing to pay, because most pharmacists require direct payment when supplies are purchased.

7

the experiences of Blanchard and Dumas.

The district court concluded that Louisiana's retroactive coverage policy violated the requirements of 42 U.S.C. §§ 1396a(a)(10)(B) and (34):

> Nothing in either provision permits a state to refuse to make assistance available for such care and services if the recipient has already paid for them. The statutory intent of these two provisions is to make Medicaid coverage during this period just as effective as it would have been if the individual had already been certified for Medicaid. The defendant's policy of leaving the availability of such coverage to the discretion of the medical provider who has interests adverse to the recipient's, clearly violates this intent.

We agree with the district court's reasoning. Under Louisiana's policy, Medicaid applicants who fail to pay their medical bills incurred during the retroactive period receive a greater amount of medical assistance than Medicaid applicants who privately pay for medical supplies or services during the retroactive coverage period. This unequal treatment violates the requirement of 42 U.S.C. § 1396a(a)(10) that a state plan must provide that "the medical assistance made available to any individual ... shall not be less in amount, duration, or scope than the medical assistance made available to any other individual...." *Id.* Additionally, the Louisiana policy fails to comply with 42 U.S.C. § 1396a(a)(34), by failing to make available medical assistance to all Medicaid applicants who incur covered medical expenses during the three months prior to the month of application, when the applicants were Medicaid-eligible at the time the medical services or supplies were furnished. *See Cohen by Cohen v. Quern,* 608 F.Supp. 1324, 1330-1332 (N.D.Ill.1984) (concluding that the Illinois state Medicaid

8

plan retroactive coverage policy, identical to Louisiana's policy, falls short of the state's duty, identified in 42 U.S.C. § 1396a(a)(34) and 42 C.F.R. § 435.914, to make medical assistance available and effective during the three months prior to the month of application).

LDHH, and amicus the Louisiana State Medical Society, argue that: (a) genuine issues of material fact exist precluding summary judgment; (b) Louisiana's current policy is fair and equitable; (c) the remedy requested by the plaintiffs and ordered by the district court—that providers be required to refund private payment and obtain substitute payment from Medicaid—violates 42 C.F.R. § 431.51(b)(1)(ii); and (d) the district court's remedy impairs the obligations of contracts in violation of the Contracts Clauses of the United States and Louisiana Constitutions. We find these arguments to lack merit.

LDHH argues that a material fact dispute exists as to "whether the Louisiana Medicaid plan for providing retroactive coverage for medical services provided to Medicaid eligible recipients is in violation of the [E]qual [P]rotection [C]lause of the Fourteenth Amendment." However, the district court's grant of summary judgment did not rest upon the Equal Protection Clause; rather, the district court concluded that Louisiana's policy conflicted with the statutory requirements of 42 U.S.C. §§ 1396a(a)(10)(B) and (34). Furthermore, the parties stipulated a long list of "Uncontested Material Facts as to Which There is No Genuine Issue to be Tried." These stipulated facts included all relevant facts

9

describing Louisiana's retroactive coverage policy, as well as the facts regarding the particular experiences of the named plaintiffs Blanchard and Dumas. Although LDHH asserts that genuine issues of material fact exist, it fails to point out to this court a single disputed fact issue relevant to the question whether Louisiana's retroactive coverage policy complies with the requirements of the federal Medicaid statute.

LDHH additionally argues that the district court erred in granting summary judgment because its current retroactive coverage policy is fair and equitable. LDHH asserts that Medicaid applicants are notified, both in a flyer given to all applicants and in the "Notice of Decision" letter sent to eligible applicants, that Medicaid cannot reimburse applicants for payments already made to a medical provider in the three months prior to the month of application, unless the provider first refunds their payment and then submits a claim. LDHH apparently misapprehends the relevant question. A State's Medicaid plan need not only be fair and equitable, it must comply with federal statutes and regulations. *See Wilder,* 496 U.S. at 502, 110 S.Ct. at 2513-14. Even if LDHH provides notice to applicants that they cannot obtain retroactive assistance unless their provider chooses to refund payment, the voluntary refund policy still fails to make available and effective medical assistance to all Medicaid applicants for supplies and services furnished during the retroactive coverage period, as required by section 1396a(a)(34).

Additionally, LDHH, mistakenly believing that the district

10

court ordered it to "require providers to refund payments ... and to then submit their claims to Medicaid," contends, for the first time on appeal (although this remedy was recommended by the plaintiffs in their motion for partial summary judgment), that this remedy "interfere[s] with the contract between the patient and the health care provider." Indeed, only the amicus, Louisiana State Medical Society, presented argument and authority in its appellate brief that the remedy violates the Contracts Clauses of the United States and Louisiana Constitutions. Additionally, LDHH argued at oral argument, although not in its appellate brief, that this remedy also violates 42 C.F.R. § 431.51(b)(1)(ii), which requires that a state plan must provide that a recipient may obtain Medicaid services from any provider that is "willing to furnish [the services] to that particular recipient." We will not consider on appeal matters not presented to the district court. *Quenzer v. United States (In re Quenzer),* 19 F.3d 163, 165 (5th Cir.1993). Nor will we consider issues or arguments not raised in the appellant's brief. *Pan E. Exploration Co. v. Hufo Oils,* 855 F.2d 1106, 1124 (5th Cir.1988).

Finally, in light of LDHH's apparent misunderstanding, we wish to clarify what the district court ordered. The district court's Judgment orders that LDHH "shall establish a mechanism to provide coverage for bills for medical care, supplies and services during the retroactive coverage period established by 42 U.S.C. § 1396a(a)(34) where applicants have paid for such care, supplies or services in whole or in part." This order operates only

11

prospectively from the date of judgment—May 8, 1995. In its Order and Reasons, the district court suggests two alternative ways in which LDHH could establish the ordered mechanism: "The defendant can remedy its violation by choosing to either require providers to refund payments received for services provided during the retroactive eligibility period and to then submit their claims to Medicaid, or to reimburse recipients directly for these expenses."

LDHH argues at length that the first suggested remedy—requiring providers to refund private payments and submit claims to Medicaid—is unfair to medical providers because it limits their ability to choose which Medicaid patients to treat. However, it must be remembered that this suggested remedy would affect only those medical providers who have already elected to participate in the Medicaid program, as only their services would be "covered" under the Medicaid plan. *See* 42 U.S.C. § 1396a(a)(34); 42 C.F.R. § 435.914(a). Moreover, the district court's Order and Reasons, although not entirely clear on this point, apparently does not limit LDHH to consideration of its two suggested remedies. The district court's Judgment only *orders* that LDHH "shall establish a mechanism" for providing retroactive coverage for medicaid applicants who paid their medical bills during the retroactive coverage period. The Judgment does not order LDHH to implement one of the two remedies suggested in the Order and Reasons. Rather, the broadly-phrased Judgment leaves open the possibility that LDHH may implement an entirely different remedy, so long as its approach "establishes a mechanism" to provide repayment in some form to

12

medicaid applicants who paid their medical bills incurred during the retroactive coverage period. LDHH may thus avoid any perceived problems with one of the court's suggested alternatives by implementing the other suggested remedy, or a by developing a third, entirely different approach.

## IV. CONCLUSION

Louisiana's retroactive coverage policy, which provides medical assistance for Medicaid recipients who privately paid their Medicaid-coverable bills incurred during the retroactive coverage period only if the provider first voluntarily refunds their payment and then submits a Medicaid claim, violates the mandates of 42 U.S.C. §§ 1396a(a)(10)(B) and (34). The district court correctly granted summary judgment for the plaintiff class of Louisiana Medicaid applicants and ordered LDHH to modify its policy to comply with federal law. For the foregoing reasons, we AFFIRM.

13