**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

**No. 01-60686
Summary Calendar**

**WILLIE WASHINGTON,**

**Plaintiff-Appellant,**

**versus**

**COMMUNICATION WORKERS OF AMERICA,**

**Defendant-Appellee.**

**Appeal from the United States District Court
for the Southern District of Mississippi
(3:00-CV-15-LN)**

January 21, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Willie Washington contests, *pro se*, the adverse summary judgment on his federal and state law claims. Washington, an employee of BellSouth Telecommunications, Inc., brought this action against Communication Workers of America (CWA), claiming: (1) racial discrimination in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981; (2) breach of a collective bargaining agreement between CWA and BellSouth; and (3) negligent and/or intentional infliction of emotional distress.

Summary judgment was granted because: (1) service of process on an affiliated, but autonomous, local union did not effect service

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

upon CWA; (2) even if CWA was properly served, service was made more than 120 days after the complaint was filed; and (3) in the alternative, no genuine issue of material fact remained as to any claim and CWA was entitled to a judgment as a matter of law. *Washington v. Communication Workers of America*, No. 3:00-CV-15-LN, at 3-5 (S.D. Miss. 26 July 2001) (*Washington-USDC*).

We review a summary judgment *de novo*, applying the identical standard used by the district court. *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir.), *cert. denied*, 528 U.S. 906 (1999). Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". FED. R. CIV. P. 56(c). "We view the pleadings and summary judgment evidence in the light most favorable to the nonmovant." *Stewart*, 174 F.3d at 533.

In his brief, Washington does not mention, much less challenge the insufficient service of process ruling. Therefore, we need not address this issue, as we do not "consider issues or arguments not raised in the appellant's brief". *Blanchard v. Forrest*, 71 F.3d 1163, 1169 (5th Cir.), *cert. denied*, 518 U.S. 1013 (1996). Accordingly, the summary judgment is

*AFFIRMED.*