United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 10, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-60832

NORTH AMERICAN INSURANCE CO.

Plaintiff - Appellee,

v.

EMMA MOORE

Defendant - Appellant.

Appeal from the United States District Court
For the Northern District of Mississippi
(01-CV-295)

Before DAVIS, BENAVIDES, Circuit Judges, and RESTANI,[*] Judge

PER CURIAM:[**]

Emma Moore appeals the district court's grant of summary judgment in favor of North

American Insurance Co. compelling arbitration of Moore's claim arising out of various loan

agreements. Moore filed suit in the Circuit Court for Clay County, Mississippi, on March 21,

2001, alleging negligence, fraud, and various other claims concerning the sale of credit insurance

in connection with loans made by MS Loan Center, Inc. On July 3, 2001, Moore entered into her

last loan agreement with MS Loan. In connection with this loan, unlike the previous six, Moore

---

[*] Judge, U.S. Court of International Trade, sitting by designation.

[**] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

signed a document entitled "Arbitration Agreement and Waiver of Right to Trial by Jury" ("Agreement"). The Agreement stated that it would apply to any insurer for any policy related to the loan agreement, that the Rules of the American Arbitration Association ("AAA") would apply in the absence of any agreement by the parties as to another arbitration company, and that it applied to the previous loan agreements with MS Loan.

On appeal Moore argues that the McCarran-Ferguson Act, 15 U.S.C. § 1012, reverse preempts the application of the Federal Arbitration Act, 9 U.S.C. § 4. This argument was not raised before the district court and is waived. Blanchard v. Forrest, 71 F.3d 1163, 1169 (5th Cir. 1996). As the Agreement clearly provided notice that Moore was waiving her right to a jury trial and other important rights, and there is no evidence cited sufficient to demonstrate lack of knowing and voluntary waiver or procedural unconscionability, we turn to the issue of substantive unconscionability.

Moore alleges that the Agreement is oppressive due to the high cost of arbitration. In Green Tree Fin. Corp. v. Randolph, 531 U.S. 79, 90–91 (2000), the Supreme Court declined to find that potentially large arbitration costs prevented vindication of federal statutory rights, in the absence of record evidence of excessive financial burden. Subsequently, in American Heritage Life Ins. Co. v. Orr, 294 F.3d 702, 711–12 (5th Cir. 2002), we noted Orr's ability to seek fee-paying relief under the applicable arbitral rules and the lack of specificity regarding Orr's financial situation. We found the mere potential that Orr would bear large arbitration costs insufficient to sustain a finding of substantive unconscionability.

Here, Moore does not allege that she proposed another less expensive arbitral forum, as permitted by the Agreement, or that she sought fee relief under AAA Rule 51. Her only specific

2

evidence of financial inability to pay potential costs or even up-front fees is her statement of the amount of her "fixed" income. While Ms. Moore's finances may prevent her from paying large fees under AAA rules, which may be taxed because of the size of her claim, or other expenses of arbitration, we have no way of knowing if such fees and expenses were the likely result of the Agreement. Ms. Moore did not pursue the avenues made available to her by the Agreement or the AAA rules. Under <u>American Heritage</u> the requisite showing of substantive unconscionability has not been made.

Accordingly, the judgment of the district court is AFFIRMED.