In re Jane A. BLAKELY, Debtor.

Jane A. BLAKELY, Plaintiff,

v.

UNITED STATES of America, Defendant.

Bankruptcy No. 95–07637 SEG.

Adversary No. 95–0851 SEG.

United States Bankruptcy Court,
S.D. Mississippi,
Southern Division.

March 25, 1998.

Robert Gambrell, Robert Gambrell & Associates, Biloxi, MS, for Plaintiff.

Crockett Lindsey, Assistant United States Attorney, Biloxi, MS, for Defendant.

## OPINION

EDWARD R. GAINES, Bankruptcy Judge.

Before the court is the compliant to determine dischargeability of certain income taxes filed by the debtor, Jane Blakely, against the United States of America, in which the debtor seeks discharge of incomes taxes due to the Internal Revenue Services for the tax years 1980 through 1987 and 1989 through 1990. Briefs were submitted by the parties on the legal issues and a stipulation of facts was filed with the court. The court determines that the taxes for the years 1980 through 1987 and 1989 are dischargeable. With reference to the 1990 tax obligation, the court concludes that the statutory period for priority debts provided in Section 507(a)(8) should be equitably tolled under the particular facts of this case, where the debtor's chapter 13 was dismissed and a new chapter 7 case was filed approximately fourteen days later, and that the 1990 tax debt is nondischargeable pursuant to Section 523(a)(1).

## I. FACTUAL BACKGROUND[1]

1. Jane A. Blakely filed a petition for relief under Chapter 13 of Title 11 of the United States Code on July 27, 1993. At the time of the filing of the petition the debtor was indebted to the United States for income tax, interest and penalties for the years 1980 through 1990. Only the 1990 taxes constituted a priority debt in the proceeding.

2. The debtor's chapter 13 case was voluntarily dismissed on March 21, 1995, before completion of the plan payments.

3. On April 4, 1995, the debtor filed a petition for relief under Chapter 7 of Title 11 of the United States Code for the purchase of discharging all remaining tax liabilities.

4. On April 5, 1995, the debtor filed the above styled adversary proceeding requesting that the court determine that the tax obligations due to the Internal Revenue Services for the tax years 1980–1987 and 1989–90 are dischargeable consistent with 11 U.S.C. §§ 523(a)(1) and 507(a)(7).[2]

5. Briefs were submitted by the parties and a joint stipulation of facts was filed and the matter submitted to the court for determination.

6. Exhibit "C" to the stipulation filed by the parties is an excerpt from the debtor's deposition testimony wherein the debtor indicated that the discharge of the tax was the impetus for the filing of the chapter 7.

## II. CONCLUSIONS OF LAW

The matter before the court is a core proceeding pursuant to 28 U.S.C. § 157. The court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 1334 and 157.

Section 523(a)(1) of the Bankruptcy Code provides, in pertinent part, as follows:

§ 523. Exceptions to discharge.

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed;

...

11 U.S.C. § 523(a)(1)(A). Section 507(a)(8) sets forth the priority of certain taxes as follows:

§ 507. Priorities.

(a) The following expenses and claims have priority in the following order:

---

1. The factual background is taken from the stipulation of facts filed by the parties on January 10, 1998 and from the court files. There are no factual issues in dispute before the court. The stipulation is incorporated by reference herein.

2. Prior to amendments to the Bankruptcy Code, Section 507(a)(8) was enumerated as Section 507(a)(7).

. . .

(8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;

(ii) assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition; or

(iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after the commencement of the case;

. . .

11 U.S.C. § 507(a)(8)(A).

The United States has conceded that the taxes for the years 1980 through 1987 and 1989 are dischargeable, and the court determines that those taxes are dischargeable. The court further concludes, based on the authorities cited in the brief submitted by the United States, that the Service may enforce its tax lien against exempt and abandoned property of the debtor.

The 1990 tax obligation owed by the debtor to the IRS fell within the three year period provided by Section 507 at the time of the filing of the original chapter 13 proceeding and was, therefore, a priority claim in that proceeding. The chapter 13 proceeding was dismissed approximately two years later, prior to completion of the plan payments, and at a time that was, then, outside of the 3 year period provided by Section 507(a)(8) and 523(a)(1). Fourteen days after the dismissal of the chapter 13 proceeding, the debtor refiled a chapter 7 proceeding and sought to discharge the tax obligations under Section 523. However, if the time limitations under these sections were to be tolled or suspended during the pendency of the debtor's prior chapter 13 proceeding, then the 1990 tax obligation would still have been within the 3 year priority period at the time of the chapter 7 filing, and the debt would be excepted from discharge.

Among the cases that have considered equitable tolling is *Ramos v. Internal Revenue Service (In re Ramos)*, 208 B.R. 655 (W.D.Tex.1996). The court in that case concluded as follows:

The IRS is prevented from collecting taxes that have priority under § 507 because of the automatic stay of the Bankruptcy Code. 11 U.S.C. § 362(a) (1994). Section 105 of the Bankruptcy Code allows the bankruptcy court to take appropriate action to provide equity. 11 U.S.C. § 105 (1994). Should a bankruptcy court be able to use section 105 in order to toll time limitations under section 507 during a debtor's prior bankruptcy because the automatic stay prevented the collection of 507 priority debts during the prior bankruptcy?

In *Richards* the Tenth Circuit held that assessment period under the Bankruptcy Code provision granting seventh priority for unpaid income taxes assessed within 240 days prepetition could be suspended during pendency of debtor's prior Chapter 13 proceeding. The court stated that this result "fulfills and preserves Congress's intent to afford the government certain time periods to pursue collection efforts, and at the same time prevents the debtor from avoiding priority by prolonging the initial bankruptcy proceeding." Further, it would seem to follow that the 240–day period should not run if the government is prevented from attempting to collect by the automatic stay. *United States v. Richards (In re Richards)*, 994 F.2d 763 (10th Cir.1993). *See also In re Miller*, 199 B.R. 631 (Bankr.S.D.Tex.1996); *In re Clark*, 184 B.R. 728 (Bankr.N.D.Tex.1995) (Both courts agree that a bankruptcy court should use its equity power to toll the time periods of 507 for the time that debtors are in prior bankruptcies and tack on a period of six months after the date the stay was

lifted, for each prior bankruptcy filing, pursuant to 26 U.S.C. §§ 6503(b) and (h)).

After applying the above law to the facts, this Court agrees with Judge King's conclusion and rationale. The debtors were only out of bankruptcy for 44 days prior to filing the second bankruptcy. As noted by the bankruptcy court in *Miller:*

> ... [T]he bankruptcy code was not designed to allow debtors to create a scheme of bypassing the code's nondischargeability provisions by filing a petition, letting the priority period expire, dismiss their case, and re-file against (in order to discharge the taxes), thereby making themselves unreachable by the IRS. The sole purpose of assigning priority status to certain tax claims is to enhance the government's ability to collect such claim.

*In re Miller,* 199 B.R. at 634.

Therefore, the Court upholds the bankruptcy court's exercise of equitable tolling under 11 U.S.C. § 105.

208 B.R. at 657–58.

The court concludes, based on the authorities cited herein and on the authorities cited in the brief submitted by the United States, that with reference to the 1990 tax obligation, the statutory period for priority provided in Section 507(a)(8) should be equitably tolled under the particular facts of this case, where the priority period expired during the pendency of the chapter 13 proceeding and where the proceeding was dismissed and fourteen days later a chapter 7 was filed seeking discharge of taxes.[3] The court further concludes that the 1990 tax should be excepted from discharge. 11 U.S.C. §§ 523(a)(1), 507(a)(8), 105(a); 26 U.S.C. § 6503. *See also, In re Moss,* 216 B.R. 556 (Bankr.E.D.Tex.1997); *Gurney v. State of Arizona Department of Revenue (In re Gurney),* 192 B.R. 529 (9th Cir. BAP 1996).

---

**3.** This decision is not inconsistent with the court's previous ruling in *In re Thibedeau,* No. 84–8500 SEG (Bankr.S.D.Miss.1995) in which the court concluded that based on the decision in *In re Quenzer,* 19 F.3d 163 (5th Cir.1993), Section 108(c), is not available to the IRS as a

The United States is directed to submit a judgment to the court in accordance with this ruling within twenty-one (21) days.

means for tolling or suspending the time periods under § 507(a)(8) during the pendency of the debtor's previous filing. The court's decision herein is based upon Section 105 of the Bankruptcy Code.