### In re OFFSHORE DIVING & SALVAGING, INC., Debtor.

### Bankruptcy No. 95–13051.

United States Bankruptcy Court, E.D. Louisiana.

March 12, 1999.

Emile L. Turner, Jr., New Orleans, LA, for Chapter 7 Trustee.

John M. Bilheimer, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC.

## REASONS FOR ORDER

JERRY A. BROWN, Bankruptcy Judge.

This matter came before the court on October 21, 1998 on the objection of Wil-

bur J. Babin, Jr., Trustee[1] and the objection of James B. Thompson, Jr.[2] to the third amended proof of claim filed by the Internal Revenue Service.[3] At the hearing, the parties advised the court that the objections had been settled in part, and that additional time was needed to get final approval of the settlement from the IRS. On January 6, 1999, the court heard and granted the motion for approval of settlement filed by the trustee and the IRS.[4] The parties settled all of the objections except the portion involving the issue of tolling as to a part of the IRS's claim. The court finds that the IRS is not entitled to equitable tolling of the provisions of 11 U.S.C. § 507(a)(8).

### I. Factual Background

The debtor, Offshore Diving & Salvaging, Inc., filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Southern District of Texas on April 15, 1991. The order confirming the debtor's first amended plan was signed on May 17, 1993, and docketed on May 20, 1993.

The debtor filed the pending case, as a Chapter 11, on August 18, 1995. The case was converted to a Chapter 7 proceeding on April 10, 1996.

In the pending case, the IRS filed an original proof of claim, an amended proof of claim, and a second amended proof of claim. The trustee's objection to the IRS's second amended proof of claim came on for trial. On June 26, 1998, the court issued reasons for order and an order disallowing the secured claim of the IRS, and giving the IRS additional time to file an amended proof of claim that reclassified the amounts into the priorities set forth in 11 U.S.C. § 507(a)(8).[5]

The trustee then filed an objection to the third amended proof of claim. All of the objections raised have been resolved, except the issue of whether the three year period of 11 U.S.C. § 507(a)(8)(D) was tolled during the prior bankruptcy filing.

At issue are five periods of employment withholding taxes assessed on 7/02/90, 9/03/90, 12/03/90, 12/17/90, and 3/25/91, more than three years prior to the filing of the pending bankruptcy case.[6]

The parties have stipulated that: (1) if the court rules in favor of the trustee on the tolling issue, the priority portion of the IRS claim will be allowed in the amount of $521,417.05, and (2) if the court rules in favor of the IRS, the priority portion of the claim will be allowed in the amount of $661,011.93.[7]

### II. Analysis

The relevant terms of 11 U.S.C. § 507(a)(8)(D) provide that taxes due within three years of the filing of the bankruptcy petition are entitled to priority.[8]

The IRS argues that the three year limit ordinarily imposed by Section 507(a)(8)(D) was tolled while the previously pending bankruptcy case prevented the IRS from collecting the outstanding taxes. The IRS submits that the three year period was extended by two years and one month, the period between the debtor's petition date in the Texas case and the date of plan confirmation, plus an additional six months provided for by 26 U.S.C. § 6503(b).

The trustee objects to the third amended proof of claim because it includes taxes

1. Pl. 307.

2. Pl. 318.

3. Proof of Claim # 266.

4. Pl. 355.

5. Pl. 282.

6. *See* Proof of Claim # 266.

7. Pl. 355.

8. 11 U.S.C. § 507(a)(8)(D).

assessed in 1990 and 1991 as priority taxes. The trustee submits that the cutoff date for classifying priority claims versus general unsecured claims should be August 18, 1992, three years prior to the bankruptcy filing on August 18, 1995. The trustee contends that any taxes due under a tax return due to be filed after August 18, 1992 should be classified as priority, and any taxes due to be filed before that date should be classified as general unsecured.

The IRS cites the case of *In re Waugh*,[9] and some 16 other cases in support of its position. The IRS submits that courts have consistently held that the three-year period of Section 507(a)(8) is suspended during the period when the taxing authority was prevented from collecting taxes due to the prior bankruptcy.[10] The IRS apparently believes that tolling is warranted in all cases in which there is a prior bankruptcy.

This is not the law in the Fifth Circuit. The IRS did not cite the case of *In re Quenzer*,[11] the only Fifth Circuit case that addresses the tolling issue under Section 507. In *Quenzer*, the Fifth Circuit held that 11 U.S.C. § 108(c) suspends only those limitation periods imposed under non-bankruptcy law and non-bankruptcy proceedings and could not be used, upon a debtor's filing of successive bankruptcy petitions, to toll priority periods for the collection of taxes during a prior Chapter 7 bankruptcy proceeding. As an alternative position, the IRS argued that the periods should be equitably tolled under the provisions of 11 U.S.C. § 105(a), which allow the bankruptcy court to issue any order "necessary or appropriate to carry out the provisions" of Title 11. The Fifth Circuit

stated that equitable considerations are "fact driven", and that "[f]ull development and examination of the facts and the relative positions of the parties are imperative in the exercise of the court's equitable powers."[12] Therefore, because the record had no fact findings by the lower courts, the Fifth Circuit refused to consider the alternative argument of the IRS under Section 105(a).

■ There have been no other decisions by the Fifth Circuit on the equitable tolling issue under Section 507. Consequently, it is clear that Section 108(c) may not be used to toll the three year period of Section 507. The Fifth Circuit has not determined whether the use of Section 105(a) to equitable toll the Section 507 time limitation is proper. The 16 decisions cited by the IRS do not arise in the Fifth Circuit, and are not persuasive to the court because this court is required to follow the Fifth Circuit case of *In re Quenzer*.

The lower court decisions in the Fifth Circuit since the *Quenzer* decision have allowed the use of Section 105(a), under certain circumstances, to extend the tolling limitation of Section 507(a)(8). For example, in the case of *In re Blakely*,[13] the court permitted equitable tolling under Section 105(a) when the priority period expired during the pendency of a Chapter 13 case, which was then dismissed, and a new Chapter 7 case was filed 14 days later seeking discharge of the taxes. Similarly, the case of *In re Clark*,[14] allowed equitable tolling when four out of five of the debtor's bankruptcy filings were made shortly after receipt of an IRS collection notice or shortly after an IRS officer had the case.

The district court in the case of *United States v. Gilmore*,[15] affirmed the bankrupt-

---

**9.** 109 F.3d 489 (8th Cir.1997).

**10.** Pl. 266, Post–Trial Brief of the United States at 5–6.

**11.** 19 F.3d 163 (5th Cir.1993).

**12.** *Quenzer*, 19 F.3d at 165.

**13.** 219 B.R. 722 (Bankr.S.D.Miss.1998).

**14.** 184 B.R. 728, 731 (Bankr.N.D.Tex.1995).

cy court's determination that it had the equitable power under Section 105(a) to toll the three year period of Section 507(a)(8)(D). The court did not permit equitable tolling, however, because the IRS had not affirmatively requested equitable tolling, had not filed an adversary proceeding, and had itself acted in an inequitable manner by proceeding to collect the unpaid taxes without properly raising the issue of their dischargeability with the bankruptcy court.[16]

 This court agrees with the majority view that the court has the equitable powers under Section 105(a) to toll the three year time limitation of Section 507(a)(8) in appropriate cases.[17] Following *Quenzer*, the court must consider the facts and the relative positions of the parties in determining whether to exercise these equitable powers.

The IRS bears the burden of showing it is entitled to equitable relief.[18] The *Gilmore* decision held that the correct way to request equitable tolling under Section 105(a) is to file an adversary proceeding.[19] However, because the debtor did not raise an objection to the failure of the IRS to file an adversary proceeding, the court will go ahead and consider whether the IRS is entitled to equitable tolling under Section 105(a).

The IRS did not cite to any facts in support of its position, but simply presumed that tolling is warranted.

The debtor points out that prior to the first bankruptcy filing on April 15, 1991, the IRS had assessed all delinquent tax periods and filed a lien. The debtor contends that any collection activity by the IRS would have returned negligible amounts because there were two mortgages that primed the lien of the IRS. Thus, the debtor argues that the IRS benefitted from the initial filing, because the debtor operated under the supervision of the bankruptcy court and was prevented from alienating any of its assets. Further, the confirmed plan of reorganization in the first bankruptcy provided for a 100% payout of the IRS's priority claim. The IRS does not contest these statements.

The debtor waited two years and three months after confirmation of the first plan before filing the second bankruptcy. There is no indication that there was any fraud or ill practices by the debtor to stymie collection of the tax debt. Under the present facts, the IRS has failed to show it is entitled to equitable tolling of the Section 507(a)(8)(D) limitations.

An order will be entered accordingly.

---

15. 226 B.R. 567, 571 (E.D.Tex.1998).

16. 226 B.R. at 574.

17. *See United States v. Gilmore*, 226 B.R. at 571.

18. *In re Gilmore*, 198 B.R. 686 ·(Bankr. E.D.Tex.1996), *affirmed, United States v. Gilmore*, 226 B.R. 567 (E.D.Tex.1998); *In re Clark*, 184 B.R. at 730.

19. *United States v. Gilmore*, 226 B.R. at 575.