In re William W. WOTKYNS.

No. 01–39151–H2–13.

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

March 5, 2002.

---

Manuel P. Lena Attorney, Tax Division, U.S. Department of Justice, Dallas, TX, for United States.

Johnie Patterson, Walker & Patterson, P.C., Houston, TX, for Debtor.

*MEMORANDUM OPINION IN SUP-PORT OF ORDER DENYING DEBTOR'S OBJECTION TO CLAIM (doc # 9)*

WESLEY W. STEEN, Bankruptcy Judge.

This decision involves an exceptionally rare, possibly unique, event. The Debtor objected to a proof of claim filed by the United States, Internal Revenue Service ("IRS"). On the day prior to the trial of the Debtor's objection, the United States Supreme Court issued an opinion that determines that the IRS is entitled to judgment as a matter of law. The question addressed in this memorandum opinion is whether the Debtor may withdraw his objection to the claim or whether the Court should adjudicate the objection to claim based on the stipulated facts and exhibits.

## FACTS

This bankruptcy case was filed on August 20, 2001. On October 3, 2001, the IRS filed a proof of claim asserting claims for unpaid federal income taxes:

- A secured claim for $10,424.00 (tax year 1995)
- A priority claim for $178,164.07 (tax years 1996, 1997, 1998, and 1999)
- An unsecured claim for $19,395.18 (tax year 1995).

On November 2, 2001, the Debtor filed an objection to the IRS proof of claim (docket # 9). The objection does not address the amount of the claim or the allocation of any payments made by the Debtor. The objection simply states in paragraphs 3 and 4 that the taxes assessed for tax years 1996 and 1997 are not priority claims, but are only unsecured claims. There is no indication in the objection that there is any dispute about the amount of the taxes or the allocation of any payments. On November 19, 2001, the IRS responded to the objection and filed a motion requesting invocation of the bankruptcy rules applicable to adversary proceedings (docket # 12 & 13).

On December 14, 2001, the Court conducted a Rule 16 scheduling conference. The Court issued a written scheduling order (docket # 17). Among other provisions, the order set a discovery cutoff date, required a pretrial order, and set a trial date of March 5, 2002. The scheduling order required separate listing of stipulated and disputed facts.

Counsel for the IRS and counsel for the Debtor prepared an exceptionally competent pretrial order, (docket # 22). At the hearing on March 5, the Court congratulated counsel on their work. The Joint Pretrial Order established 79 stipulated facts and 44 stipulated exhibits. The Debtor stated 11 contentions supported by 12 proposed findings of fact that were not stipulated. The IRS stated 5 contentions supported by 6 proposed findings of fact that were not stipulated.

Thus, in a very professional and competent way, counsel defined the dispute and limited the hearing to the matters that were actually disputed. The IRS contended that the taxes due for tax years 1996 and 1997 were priority debts because the

three year "lookback" period [1] was "tolled" by the Debtor's prior bankruptcies. The IRS contended that tolling applied as a matter of law or that the Court should apply equitable tolling based on the facts of this case. The Debtor contended that tolling did not apply as a matter of law and that the facts did not support equitable tolling.

Based on the pleadings and on the Joint Pretrial Order, the IRS was entitled to judgment as a matter of law if Bankruptcy Code § 507(a)(8)(A)(i) tolled the lookback period whenever the Debtor was protected from IRS enforcement actions because of previous bankruptcy cases that the Debtor had filed. But that was a contested issue of law. The Debtor cited *Matter of Quenzer*, 19 F.3d 163 (5th Cir.1993) for the proposition that tolling did not apply as a matter of law. The IRS cited several other circuit decisions for the proposition that tolling did apply, and the IRS cited an unpublished opinion of the Fifth Circuit *In re Stern*, 204 F.3d 1117 (5th Cir.1999) for the proposition that the Court might apply tolling as an exercise of its equitable discretion. In short, on the principle of whether tolling applied as a matter of law, there did not appear to be any explicit controlling law or precedent.

However, on the day prior to trial, March 4, 2002, the United States Supreme Court decided *Young v. United States,* —— U.S. ——, 122 S.Ct. 1036, 152 L.Ed.2d 79 (2002). That decision clearly holds that tolling applies as a matter of law and that the factual circumstances, such as the good faith or intent of the debtor, are inconsequential. Based on that decision and on the stipulations in the Joint Pretrial Order, the Court was prepared to render a decision in favor of the IRS based on the issues raised in the objection to claim and on the stipulated facts and exhibits.

---

1. Bankruptcy Code § 507(a)(8)(A)(i).

When the Court stated this view at the commencement of the hearing, counsel for the Debtor asked the Court to withhold entry of an order to allow him additional time to consider the decision in the *Young* case. The Court declined to do so, stating that the Supreme Court had apparently addressed all relevant issues, and had ruled adverse to the Debtor on all relevant issues. Counsel for the Debtor then moved to withdraw the Debtor's objection to the IRS claim rather than have the Court adjudicate it. The IRS objected and requested issuance of an order adjudicating the allowance and amount of its claim to preclude future litigation.

## ISSUE

The issue, then, is whether the Court can, or should, allow the Debtor, at the commencement of trial, to withdraw his objection to the claim of the IRS when the reason for doing so is to avoid adverse adjudication of the claim as a result of a decision and precedent issued by the United States Supreme Court on the eve of trial. Counsel indicated that, if allowed to withdraw his existing objection to claim, he might file another objection that would challenge the application of tax payments made by the IRS; that future objection would contradict facts and conclusions to which the Debtor had stipulated in the Joint Pretrial Order.

## CONCLUSIONS OF LAW

*Withdrawal of the Debtor's Objection to Claim*

Rule 41(a)(2) of the Federal Rules of Civil Procedure (applicable to dismissal of actions after a response has been filed) provides that:

> ... [A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.

■ Rule 7041 of the Federal Rules of Bankruptcy Procedure ("FRBP") adopts Rule 41 in adversary proceedings in bankruptcy cases. FRBP 9014 adopts rule 7041 for contested matters. An objection to claim is a contested matter.[2] Therefore, after a response has been filed an objection to claim cannot be withdrawn without order of the court and upon such terms and conditions as the court deems proper.

*Wright and Miller*[3] § 2364, states that granting or denying a motion to dismiss under Rule 41(a)(2) is within the discretion of the court.

The Second Circuit articulated five factors relevant to considering whether to grant a Rule 41(a)(2) motion: (1) the plaintiff's diligence in bringing the motion; (2) any undue vexatiousness on the plaintiff's part; (3) the extent to which the suit has progressed, including the defendant's effort and expense in preparing for trial; (4) the duplicative expense of relitigation; and (5) the adequacy of the plaintiff's explanation for the need to dismiss.

The Sixth, Seventh, and Eighth Circuits use a similar test, examining four factors when deciding whether to grant a voluntary dismissal: (1) Defendant's effort and expense in preparing for trial;

---

**2.** "Whenever there is an actual dispute, other than an adversary proceeding, before the bankruptcy court, the litigation to resolve that dispute is a contested matter. For example, the filing of an objection to a proof of claim ... is a contested matter." Advisory Committee note to Rule 9014.

**3.** 9 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure, Civil 2d § 2364 (Supp.2001).

(2) Any excessive delay or lack of diligence on the part of the plaintiff in prosecuting the action; (3) Insufficiencies in the plaintiff's explanation of the need for a dismissal; and (4) The fact that a summary judgment motion has been filed by the defendant.[4]

■ In considering these factors, the Court concludes: (i) that Debtor has not been vexatious, and (ii) that Debtor has been diligent in prosecuting the case. However, this dispute had proceeded to the cusp of trial before the motion to dismiss/withdraw was made orally in open court. Preparation for trial by the respondent (IRS) was significant and thorough. That expense would be duplicated if the objection to claim is dismissed/withdrawn. The explanation was insufficient, since it was simply that if the trial proceeded, the Debtor would lose. It is clear that prior to the *Young* case, the Debtor did not care to go to the trouble of reviewing the amount of tax that he owed or the application of prior payments. He was planning to risk everything on discharge of the debt by denial of equitable tolling. Having lost that issue, the Debtor now wants to revert to an alternative litigation strategy if one is available. The Court does not consider that motive to be sufficient.

There is a visceral sense that it is unfair to bind the Debtor to a position that did not become untenable until the day of trial. On the other hand, that vague sense of unfairness is counterbalanced by the undisputed fact that the Debtor failed to pay federal income taxes for about six years. He earned income. He simply failed to file timely returns and failed to pay the taxes. In three different bankruptcy cases, the Debtor sought relief from payment of the taxes, either by deferral or by discharge from the obligation. After con-

sidering both sides of this balance, the Court is less troubled by the fact that the Debtor staked his entire future on the least troublesome defense, and lost it on the eve of trial.

In this case, the Debtor framed the issue when he filed his objection to claim. Issue was joined when the IRS filed a response. A scheduling order was issued and discovery commenced. A Joint Pretrial Order was filed and trial was about to begin. The Court concludes that it would be inequitable to allow the Debtor to withdraw the objection at the commencement of trial merely to avoid adverse adjudication.

The time to define issues and to join issues for trial is when the objection is filed. Those positions might be refined and clarified by discovery and amendment of pleadings. But once issue is joined and the matter is ready for trial, it does not seem appropriate to allow withdrawal of the objection, without prejudice to filing another objection after rethinking the applicable law.

Therefore, by separate order issued this date, the request to withdraw the objection is denied.

*Adjudication of the Objection to Claim*

The Court accepts the stipulated facts and exhibits as set forth in the Joint Pretrial Order. Those facts are adopted as the Court's findings of fact. They clearly establish that the objection to claim should be denied, as a matter of law, by virtue of the decision in *Young v. United States, supra*. By separate order, the objection to claim is denied.

■ Bankruptcy court decisions concerning allowance and disallowance of claims have *res judicata* effect with re-

4. *Id.*

spect to the matters that are adjudicated.[5] *Res judicata* includes all matters that were raised as well as all matters that could have been raised.[6] Therefore, by separate order issued this date, the claim of the IRS is allowed in the amount specified in its proof of claim.

---

**5.** "The normal rules of res judicata and collateral estoppel apply to the decisions of bankruptcy courts." *Katchen v. Landy,* 382 U.S. 323, 334, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966).

**6.** *In re Gibraltar Resources,* 210 F.3d 573, 576 (5th Cir.2000).