**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 93-2070

---

IN THE MATTER OF:  FRED AUGUST QUENZER and JAMIE QUENZER,

Debtors.


FRED AUGUST QUENZER and
JAMIE QUENZER,

Appellants,


versus


UNITED STATES OF AMERICA,

Appellee.

---

Appeal from the United States District Court
for the Southern District of Texas
(CA H 92 905)

---

(November 30, 1993)


Before POLITZ, Chief Judge, and HIGGINBOTHAM, Circuit Judge, and DAVIDSON[*], District Judge.

POLITZ, Chief Judge:[**]

Fred  August  Quenzer  and  Jamie  Quenzer  appeal  an  adverse

---

[*]District  Judge  of  the  Northern  District  of  Mississippi, sitting by designation.

[**]Local Rule 47.5 provides:  "The publication of opinions that have  no  precedential  value  and  merely  decide  particular  cases  on the  basis  of  well-settled  principles  of  law  imposes  needless expense  on  the  public  and  burdens  on  the  legal  profession." Pursuant  to  that  Rule,  the  Court  has  determined  that  this  opinion should not be published.

summary judgment affirming a ruling by the bankruptcy court that certain taxes, penalties, and interest were not discharged. Concluding that the government's action is time barred we reverse and render judgment in favor of the Quenzers.

## Background

The essential facts are not in dispute. In September 1986 the Quenzers filed a Chapter 13 petition which was converted to a Chapter 7 and voluntarily dismissed in March 1988. In March 1990 they filed a Chapter 7 petition in bankruptcy and their discharge was entered in July 1990.

The instant dispute involves the dischargeability of the Quenzers' 1984 and 1985 tax return liability. The record reflects stipulations regarding all other tax, interest, and penalty claims.[1] The bankruptcy court found all assessments and penalties nondischargeable. On the appeal to the district court the government conceded that the penalties and interest thereon for the 1984 and 1985 returns were dischargeable. The district court inadvertently overlooked this and ruled that these were nondischargeable. The government candidly concedes that these penalties, and the interest thereon, are dischargeable as arising from events occurring more than three years prior to the filing of

---

[1] In the bankruptcy court the parties stipulated that: (1) all tax, interest, and penalties for 1979 and 1980 were dischargeable; (2) the tax return assessments for 1981-1983 were dischargeable; (3) the audit deficiency assessments for 1981-1984 were not dischargeable; and (4) the penalties and interest on penalties based upon the return assessments for 1981-1983 were dischargeable.

the subject petitions.  11 U.S.C. § 523(a)(7).

## Analysis

This appeal focuses on the tax deficiencies for 1984 and 1985. In the district court the government successfully relied on the suspension provision in section 108(c) of the Bankruptcy Code as the basis for tolling the priority period for the collection of taxes during the prior bankruptcy proceedings.  Under the plain language of section 108(c), however, that suspension applies only to nonbankruptcy law and nonbankruptcy proceedings.  Absent some other basis for tolling the section 507 time limit, the Quenzers' tax liability for the years 1984 and 1985 must be discharged.

In apparent recognition that the plain language of 11 U.S.C. §§ 507 and 108(c) gives no support to the rulings *a` quo*, the government urges us to exercise the equitable tolling powers granted by section 105(a) of the Bankruptcy Code and extend the period for its collection efforts.  In support of this suggestion the government invites our review of **Dandridge v. Williams**,[2] which holds that a prevailing party may urge legal grounds for a ruling that were not relied on by the trial court.  A close reading of **Dandridge** reflects that the arguments presented to the Supreme Court had been "fully argued . . . in the district court."[3]  That is not the case herein.

Typically, we will not consider on appeal matters not

---

[2]397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970).

[3]397 U.S. at 475 n.6.

3

presented to the trial court.[4]  The Supreme Court recently "decline[d] to consider § 105(a)" of the Bankruptcy Code because it was raised in disregard of the fabric of this rubric.[5]  This principle applies with even more force when we address questions of the proper exercise of the equitable powers of the court, either inherent or statutorily granted.

Equitable considerations are largely fact-driven.  "The essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case."[6]  Full development and examination of the facts and the relative positions of the parties are imperative in the exercise of the court's equitable powers.  Necessarily, "[i]n shaping equity decrees the trial court is vested with broad discretionary power; appellate review is correspondingly narrow."[7] Determining equities in the first instance is seldom fit grist for the appellate mill.

The record before us is devoid of any factual findings by the bankruptcy or district courts which would justify the exercise of

---

[4]See **Singleton v. Wulff**, 428 U.S. 106, 121, 49 L.Ed.2d 826, 837, 96 S.Ct. 2868 (1976); **In re Gilchrist**, 891 F.2d 559, 561 (5th Cir. 1990).

[5]In **Taylor v. Freeland & Kronz**, 112 S.Ct. 1644, 1649 (1992), a debtor suggested equitable tolling under section 105(a) for the first time in his opening brief to the Court.  The issue was not properly before the Court since it was not raised in a lower court and was not set forth in the petition for certiorari.  **Id**.

[6]**Hecht Co. v. Bowles**, 321 U.S. 321, 329-30 (1944) (Douglas, J.).

[7]**Lemon v. Kurtzman**, 411 U.S. 192, 200 (1973).

4

equitable powers to extend the time for the government's tax collection efforts. We decline, therefore, the government's invitation that we base an affirmance thereon.

The judgment of the district court is REVERSED and judgment in favor of the Quenzers is RENDERED declaring the questioned taxes, interests, and penalties to be discharged in bankruptcy.