In re Jose L. & Mary A.
RAMOS, Debtors.

Jose L. & Mary A. RAMOS, Appellants,

v.

INTERNAL REVENUE SERVICE,
Appellee.

No. SA–95–CA–139.
B.R. No. 94–50359–K.

United States District Court,
W.D. Texas,
San Antonio Division.

Dec. 3, 1996.

Gerald C. Moton, San Antonio, TX, for appellants.

Cynthia E. Messersmith, Dept. of Justice, Dallas, TX, for I.R.S.

## ORDER

H. F. GARCIA, District Judge.

On this date came on to be considered Jose & Mary Ramos'("Debtors") appeal of the bankruptcy court's determination that the three-year and 240–day priority periods provided for in § 507(a)(8)(A)(i), (ii), and (D) of the Bankruptcy Code should be tolled during the Debtors' first bankruptcy. For the foregoing reasons, this Court affirms the bankruptcy court's decision.

## Jurisdiction

The United States District Court for the Western District of Texas, San Antonio, has jurisdiction over this appeal pursuant to 28 U.S.C. § 158.

## Standard of Review

The issues presented to the United States District Court are questions of law and entitled to *de novo* review.

## Background

On February 15, 1989, Debtors filed a voluntary Chapter 13 petition. During this bankruptcy, the Internal Revenue Service listed $54,291.98 of taxes on a proof of claim that would have been entitled to priority under 507(a)(8)(A)(i), (ii) and (D) of the Bankruptcy Code. However, this bankruptcy was dismissed on December 22, 1993. During the time from the date of filing until the date of dismissal, the stay was in effect and, therefore, the IRS could not collect this debt. On February 4, 1994, the Debtors filed a second bankruptcy. On August 17, 1994, the Debtors filed an objection to the proof of claim of the Internal Revenue Service. The Debtors are not disputing the amount of the tax but instead dispute the priority status of the tax. If the priority periods are not tolled during the Debtors' first bankruptcy, only $1,317.00 of the taxes listed on the proof of claim are entitled to priority. However, if the priority periods are tolled during the first bankruptcy, $54,291.98 is treated as a priority claim.

The Government argues that § 507(a)(8)'s priority periods were suspended during the period of Debtors' first bankruptcy case, and thus the priority period had not expired at the time that Debtor's second Chapter 13 was filed. The Government points out that the issue whether the filing of a bankruptcy petition suspends the running of § 507(a)(8)'s periods for determining priority status was specifically addressed in *In re Richards*, 994 F.2d 763 (10th Cir.1993). The Government filed a supplemental brief to bring to the Court's attention two recent cases which have held that it is appropriate under certain circumstances for a bankruptcy court to exercise its equity power to toll the statutory time periods set forth in 11 U.S.C. § 507(a)(8)(A)(i) and (ii) for the time debtors were in prior bankruptcies. See *In re Mil-*

*ler,* 199 B.R. 631 (Bankr.S.D.Tex.1996); *In re Clark,* 184 B.R. 728 (Bankr.N.D.Tex.1995).

The Debtors argue that the priority periods create a substantial property right that the Government would not otherwise have and impairs the Debtors' homestead right under Texas law. Further, Debtors argue that the bankruptcy court's reliance on *Richards* was misplaced. The Debtors argue that *Matter of Quenzer,* 19 F.3d 163 (5th Cir. 1993) stands for the proposition that a bankruptcy court should not invoke its equitable powers under 105(a) to toll the limitations periods for priority under 11 U.S.C. § 507. Specifically, the Debtors argue that because Section 507 by itself does not call for tolling, this Court should rely strictly on the deadlines set forth in the statute. (Transcript p. 13).

At a hearing on December 6, 1994, the bankruptcy court overruled the objection by the Debtors to the proof of claim of Internal Revenue Service. The bankruptcy court agreed with the *Richards* case and explained that if the IRS is stayed from collection in a previous bankruptcy equity dictates that the priority periods during the previous bankruptcy be tolled. (Transcript p. 26). The bankruptcy court reasoned that *Quenzer* does not state that *Richards* is wrong. The facts in *Quenzer* did not invoke the *Richards* rationale for tolling. (Transcript p. 26). Therefore, the bankruptcy court overruled the objection by the Debtors to the proof of claim of the Internal Revenue Service.

### *Discussion of Law*

■ Section 507 of the Bankruptcy Code states:

(a) The following expenses and claims have priority in the following order: ...

(8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;

(ii) assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition; or

(iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case;

. . .

(D) an employment tax on a wage, salary, or commission of a kind specified in paragraph (3) of this subsection earned from the debtor before the date of the filing of the petition, whether or not actually paid before such date, for which a return is last due, under applicable law or under any extension, after three years before the date of the filing of the petition;

11 U.S.C. § 507(a)(8) (1994). The IRS is prevented from collecting taxes that have priority under § 507 because of the automatic stay of the Bankruptcy Code. 11 U.S.C. 362(a) (1994). Section 105 of the Bankruptcy Code allows the bankruptcy court to take appropriate action to provide equity. 11 U.S.C. § 105 (1994). Should a bankruptcy court be able to use section 105 in order to toll time limitations under section 507 during a debtor's prior bankruptcy because the automatic stay prevented the collection of 507 priority debts during the prior bankruptcy?

In *Richards,* the Tenth Circuit held that assessment period under Bankruptcy Code provision granting seventh priority for unpaid income taxes assessed within 240 days prepetition could be suspended during pendency of debtor's prior Chapter 13 proceeding. The court stated that this result "fulfills and preserves Congress's intent to afford the government certain time periods to pursue collection efforts, and at the same time prevents the debtor from avoiding priority by prolonging the initial bankruptcy proceeding." Further, it would seem to follow that the 240–day period should not run if the government is prevented from attempting to collect by the automatic stay. *United States v. Richards (In re Richards),* 994 F.2d 763 (10th Cir.1993). See also *In re Miller,* 199

B.R. 631 (Bankr.S.D.Tex.1996); *In re Clark*, 184 B.R. 728 (Bankr.N.D.Tex.1995) (Both courts agree that a bankruptcy court should use its equity power to toll the time periods of 507 for the time that debtors are in prior bankruptcies and tack on a period of six months after the date the stay was lifted, for each prior bankruptcy filing, pursuant to 26 U.S.C. §§ 6503(b) and (h)).

After applying the above law to the facts, this Court agrees with Judge King's conclusion and rationale. The Debtors were only out of bankruptcy for 44 days prior to filing the second bankruptcy. As noted by the bankruptcy court in *Miller*:

> ... [T]he bankruptcy code was not designed to allow debtors to create a scheme of bypassing the code's non-dischargeability provisions by filing a petition, letting the priority period expire, dismiss their case, and re-file again in order to discharge the taxes, thereby making themselves unreachable by the IRS. The sole purpose of assigning priority status to certain tax claims is to enhance the government's ability to collect such claim.

*In re Miller*, 199 B.R. at 634.

Therefore, the Court upholds the bankruptcy court's exercise of equitable tolling under 11 U.S.C. § 105.

■ This Court does not agree with the Debtors argument that the priority periods create a substantial property right that the Government would not otherwise have and impairs the Debtors' homestead right under Texas law. The bankruptcy court did not create a lien on the homestead. The lien arose at the time of assessment and attaches to "all property and rights to property, whether real or personal," belonging to the taxpayer. 26 U.S.C. §§ 6322, 6321. Further, the Debtors argument that *Matter of Quenzer*, 19 F.3d 163 (5th Cir.1993) stands for the proposition that a bankruptcy court should not invoke its equitable powers under 105(a) to toll the limitations periods for priority under 11 U.S.C. § 507 is erroneous. The *Quenzer* court did not look at the equitable tolling power under section 105(a) because it was not argued by the parties involved, but only raised on appeal.

### Conclusion

After reviewing the bankruptcy court's well reasoned oral findings and the entire record, this Court finds that Bankruptcy Judge King properly analyzed the issue presented. Upon due consideration, this Court hereby AFFIRMS the decision of the bankruptcy court.