**In re Jerry L. MOSS, Jr. and Sandra K. Moss, Debtors.**

**Bankruptcy No. 96–43121.**

United States Bankruptcy Court,
E.D. Texas,
Sherman Division.

Dec. 17, 1997.

---

---

Jeff Wagnon, Barron & Wagnon, Nederland, TX, for Debtors.

Hobart Miller, I.R.S., Dallas, TX, for I.R.S.

## OPINION

DONALD R. SHARP, Chief Judge.

NOW before the court for consideration is an Objection by Debtors, Jerry L. Moss, Jr. and Sandra K. Moss, to the Claim of the Internal Revenue Service. At the conclusion of the hearing, the matter was taken under advisement. This opinion constitutes the Court's findings of fact and conclusions of law to the extent required by Federal Rule of Bankruptcy Procedure 7052 and disposes of all issues before the Court.

## FACTUAL AND PROCEDURAL BACKGROUND

Jerry L. Moss, Jr. and Sandra K. Moss (hereinafter referred to as the "Debtors"), filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on November 11, 1996. The Debtors had previously filed a Chapter 13 petition on November 11, 1993, but the case was dismissed on July 12, 1995. During the pendency of the first bankruptcy case Debtors filed tax returns for calendar years 1991 and 1992. The Internal Revenue Service (hereinafter referred to as the "IRS") made several attempts to, collect the taxes due during the period between the dismissal of the first case and the filing of this case.

In the current case, the IRS filed an amended proof of claim on April 11, 1997.[1] The Debtors filed an objection to the IRS's proof of claim not disputing the amount of the tax but disputing the priority status of the tax liability. At issue is whether Debtors' income tax liability for 1991 and 1992 should be given priority status. The Debt-

---

1. The claim was comprised of a secured claim of $5,268.00, an unsecured priority claim of $34,-917.75, and an unsecured general claim of $19,-350.42.

ors' federal income tax return for tax year 1991 was due on April 15, 1992, and the Debtors filed their return on February 9, 1994. The Debtors' federal income tax return for tax year 1992 was due under extension on October 15, 1993, and the Debtors filed their return on February 9, 1994.

## DISCUSSION

The issue before the Court is whether section 105 of the Bankruptcy Code may be used in this case to toll time limitations under section 507 during the Debtors' prior bankruptcy case because the automatic stay prevented the collection of § 507 priority debts.

Debtors contend there is no explicit statutory provision in the Bankruptcy Code that provides for tolling under section 507 during the time in which the previous bankruptcy case was pending. Additionally, Debtors claim that the IRS has the burden of proof to factually show that § 105(a) should be used to equitably toll the three year limitation under § 507(a)(8)(A)(i).[2] Finally, they argue that the IRS has not shown they are entitled to equitable tolling and thus, the 1991 and 1992 income taxes should not be entitled to priority but treated as general unsecured claims.

The IRS concedes that it has been more than 240 days since taxes for 1991 and 1992 have been assessed but argues that: its claim is entitled to priority under § 507(a)(8)(A)(i).[3] They contend that income taxes due for these years should be entitled to priority since it has not been more than three years since Debtors' returns for these years were due. This argument is based on the IRS contention that the three-year period was suspended during the pendency of Debtors' previous bankruptcy case, when the automatic stay

prevented the government from collecting the tax debt.[4]

It is clear that but for the suspension of the three-year lookback period during the pendency of Debtors' first bankruptcy proceeding, the IRS's tax claim for 1991 and 1992 would not be entitled to priority status under § 507(a). As a result, the Court must determine whether tolling is proper under the present facts.

The Court previously addressed a similar issue in *In re Dennis*, No. 95–41558, Adversary No. 95–4123 (Bankr.E.D.Tex. April 8, 1996). In that case, the debtor filed a complaint seeking to have his 1989 and 1990 income tax liability declared dischargeable claiming that they were due more than three years prior to filing his current bankruptcy case. In holding that the taxes were nondischargeable, this Court found that the debtor's two earlier chapter 13 petitions which placed the automatic stay in effect, operated to suspend the running of the three year period described in § 507(a)(8). This Court further stated that "all courts which have considered this issue have uniformly held that a debtor cannot invoke the protection of the bankruptcy court, thereby forcing the IRS to suspend all collection activities for a sufficient period to cause his taxes to become dischargeable and then file a new bankruptcy petition and claim that the government's right to enforce the tax liability was barred by the passage of time." *Id.*

The Third Circuit also addressed this matter and stated "... it seems clear that Congress intended to provide the government a full and unimpeded three years to collect income taxes; it did not intend to leave a loophole for debtors to engage in tax avoidance, as the burden of making up the revenues thus lost must be shifted to other taxpayers." In re Taylor, 81 F.3d 20 (3rd Cir.

---

2. *See In re Gilmore,* 198 B.R. 686 (Bankr. E.D.Tex.1996).

3. § 507 Priorities
   (a) The following expenses and claims have priority in the following order:
   . . .
   (8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—
(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, *after three years before the date of the filing of the petition;*

4. *See* 11 U.S.C. § 362(a).

1996) (citing S.Rep. No. 989, 95th Cong., 2d sess. 14 (1978)).

The Court believes that the IRS has met its burden to show that § 105(a) should be used to equitably toll the three year limitation under § 507(a)(8)(A)(i). Based on the evidence presented, the Court finds that the IRS made every effort to collect within three years but was deterred by the Debtors' previous bankruptcy filing. First, the IRS was prohibited from collecting income taxes for 1991 and 1992 during the Debtors' previous bankruptcy case because of the automatic stay. Second, once the first bankruptcy case was dismissed, the IRS proceeded with its usual attempts to collect by conducting the following: (1) sending a fourth notice of demand to pay, (2) sending the file to collections, (3) assigning the file to a field revenue officer, and (4) filing a levy and lien. Despite their efforts, the IRS was unable to follow through on its actions because the Debtors filed this bankruptcy case.

The Court finds that the three-year period prescribed by § 507(a)(8)(A)(i) should be extended for the period of time Debtors previous bankruptcy was pending.[5] The length of the extension is one year, eight months and one day, which is the amount of time the automatic stay was in effect during Debtors' previous bankruptcy case. The due date of each return was within four years, eight months and one day of the filing date and the IRS is entitled to classify income taxes due for 1991 and 1992 as a priority claim. To allow any other result would be contrary to Congress' intent of allowing the IRS three clear years to collect income taxes. Therefore, the Court must overrule Debtors' objection to the proof of claim filed by the IRS.

---

**5.** The Court would note that it considered, *Matter of Quenzer,* 19 F.3d 163 (5th Cir.1993), and determined it was not applicable since it dealt with tolling under § 108(c) which applies only to non-bankruptcy law and nonbankruptcy proceedings.