**In re Sunny Ann HOPPE, Debtor.**

**No. 00–40549–S.**

United States Bankruptcy Court,
E.D. Texas,
Sherman Division.

March 5, 2001.

John Paul Stanford, Dallas, TX, for Debtors.

G. Hobart Miller, Department of Justice, Dallas, TX, for USA.

### MEMORANDUM OPINION

DONALD R. SHARP, Chief Judge.

NOW before the Court is the Debtor's Objection To Claim of Internal Revenue Service (Number 6) (the "Objection") in the amount of $40,491.80 filed by Sunny Ann Hoppe (the "Debtor"). The Court considered the pleadings filed, the arguments made and the evidence adduced at trial. This opinion constitutes the Court's findings of fact and conclusions of law required by Fed.R.Bankr.Proc. 7052 and disposes of all issues before the Court.

### FACTUAL AND PROCEDURAL BACKGROUND

The Debtor filed her voluntary petition for relief under Chapter 13 of the Bankruptcy Code on February 25, 2000. The Internal Revenue Service ("IRS") filed a proof of claim ("Claim No. 6") asserting a priority claim for income tax owed by the Debtor, including interest to the petition date, for the tax periods ending December 31, 1993, 1997, 1998 and 1999, respectively. Thereafter, the Debtor filed the Objection objecting to the classification of a portion of the IRS' claim as a priority. Specifical-

ly, the Debtor has objected to the designation of priority treatment of the tax assessed for the period ending on December 31, 1993, which was assessed on October 31, 1998 for the amount of $14,193.00 and interest of $11,087.40. The basis of the Debtor's objection is that the tax was assessed more than 240 days prior to the date of filing and that as such, the tax assessed on October 31, 1998 should not be treated as a priority for to do so runs afoul of the specific provisions of 11 U.S.C. § 507(a)(8). Obviously, October 31, 1998, is more than 240 days prior to February 25, 2000, the petition date herein. However, the Debtor filed two prior bankruptcies in the Northern District of Texas. One filed June 2, 1997, and dismissed June 3, 1998, is not germane to this case. The other filed September 1, 1998, and dismissed on November 9, 1999, creates, according to the IRS, an equitable exception to the plain language of 11 U.S.C. § 507(a)(8)(A)(ii). The IRS adopts the position that the 240 day period should be tolled under 11 U.S.C. § 105(a) because the IRS failed to receive the benefit of the 240 days allowed under 11 U.S.C. § 507(a)(8)(A)(ii). The matter came on for regular hearing and, after trial, was taken under advisement.

## DISCUSSION

The issue before the Court is whether the IRS is entitled to a priority claim under the Bankruptcy Code. The statutes that directly apply to the issue before this Court are 11 U.S.C. §§ § 105(a) and 507(a)(8)(A)(i) and (ii). It is under the latter statute that the inquiry must begin. The Debtors aver that the IRS' claim falls outside of the 240 day period designated under 11 U.S.C. § 507(a)(8).

11 U.S.C. § 507(a)(8) assigns priority to: allowed unsecured claims of governmental units, only to the extent that such claims are for—(A) a tax on or measured by income or gross receipts—(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition; (ii) assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition; or (iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case.

11 U.S.C. § 507(a)(8). The IRS believes that the Debtor's prior bankruptcy filing operated to toll the 240 day period.

In the *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989), the Supreme Court found that statutory analysis should begin and end with the language of the statute when the statute is plain. Properly, absent any "indication that doing so would frustrate Congress's clear intention or yield patent absurdity, our obligation is to apply the statute as Congress wrote it." *BFP v. Resolution Trust Corporation*, 511 U.S. 531, 570, 114 S.Ct. 1757, 1778, 128 L.Ed.2d 556 (1994) (Souter, J., dissenting).

The Debtor relies upon *Matter of Quenzer*, 19 F.3d 163 (5th Cir.1993) in which the Fifth Circuit Court ruled that certain prepetition taxes of the debtors were dischargeable reversing the District Court's ruling in favor of the government. The Debtor's Objection focuses on the tolling provisions of 11 U.S.C. § 108(c) discussed by the *Quenzer* Court. 11 U.S.C. § 108(c) provides:

Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to

which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

*11 U.S.C. § 108(c).*

■ Clearly, however, under section 108(c), suspension applies only to period limitations imposed under *nonbankruptcy law and nonbankruptcy proceedings.* Such section of the Bankruptcy Code is pertinent in determining, for example, issues of whether the IRS assessed taxes within the periods provided for under Title 26. It is no more determinative of the outcome in this case than it was in *Matter of Quenzer, Ibid.,* because the 240 day limitation period arises under the Bankruptcy Code rather than non-bankruptcy law and proceedings. *In re Moss,* 216 B.R. 556, 558 note 5 (Bankr.E.D.Tex.1997). Quite simply, in *Quenzer,* the IRS relied on the incorrect tolling statute and the Fifth Circuit so ruled. On appeal, the IRS attempted to save their position by arguing equitable tolling under 11 U.S.C. § 105 and the Fifth Circuit refused to consider that issue because it had not been raised in the courts below. The Fifth Circuit recognized that equitable considerations might be determinative but noted that equitable decisions are peculiarly fact driven and the *Quenzer* case was before the Fifth Circuit on an appeal from a grant of a summary judgment in which no factual predicate had been laid for the court to attempt to determine the equities of the situation.

1. This Court is skeptical that the Fifth Circuit's dicta regarding § 105(a) in *Matter of*

■ The bases for tolling the section 507 period of 240 days that the IRS relies upon is § 105(a) and case law. Under 11 U.S.C. § 105(a), "The [bankruptcy] court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *11 U.S.C. § 105(a).* The IRS argues that in *Matter of Quenzer,* the Fifth Circuit Court raised the issue of equitable powers granted to the Bankruptcy Court under § 105(a) as an alternative position to tolling under § 108(a).[1] The IRS correctly points out that the Fifth Circuit "refused to consider" the theory in the *Quenzer* case because it had not been raised in the lower court but other Courts, including this Court, have taken up the issue of equitable tolling of the statute. *See In re Bair,* 240 B.R. 247, 251 (Bkrtcy.W.D.Tex. 1999) ["Courts have utilized section 105(a) to equitably toll the three year and 240 day limitations periods for tax claims during the pendency of a debtor's previous bankruptcy case." citing to *In re Richards,* 994 F.2d 763, 765–66 (10th Cir.1993) (tolling 240 day period); *Ramos v. IRS (In re Ramos),* 208 B.R. 655, 658 (W.D.Tex.1996) (tolling both three year and 240 day periods) and *In re Moss,* 216 B.R. 556, 558 (Bankr.E.D.Tex.1997) (tolling three year period). Moreover, some courts have further extended the tolling for six months after the close of the earlier bankruptcy, but others have expressly refused to grant the additional time. *See Miller v. IRS (In re Miller),* 199 B.R. 631, 634 (Bankr. S.D.Tex.1996) (tolling 240 day period for pendency of prior bankruptcy and for six months after case dismissed) and *In re Avila,* 228 B.R. 63, 68 (Bankr.D.Mass.

*Quenzer* rises to the level of offering an *alternative position* as the IRS posits.

1999) (finding no reason to expand tolling of three year period for an additional six months)].

The majority of courts addressing this issue have held that the three year period is suspended while the debtor's prior bankruptcy case prevented the IRS from pursuing full collection activity. See *In re Waugh,* 109 F.3d 489, 493 (8th Cir.1997) (application of plain meaning frustrates congressional intent to have 108(c) and 6503(b) and (h) toll three year priority period, and "rare case" where plain meaning not conclusive), *cert. denied,* 522 U.S. 823, 118 S.Ct. 80, 139 L.Ed.2d 38 (1997); *In re Taylor,* [96–1 USTC ¶ 50,181], 81 F.3d 20 (3d Cir.1996); *In re West,* [93–2 USTC ¶ 50,634], 5 F.3d 423 (9th Cir.1993), *cert. denied,* 511 U.S. 1081, 114 S.Ct. 1830, 128 L.Ed.2d 459 (1994); *In re Richards,* [93–1 USTC ¶ 50,344], 994 F.2d 763 (10th Cir.1993); *Montoya v. United States,* [92–2 USTC ¶ 50,435], 965 F.2d 554, 558 (7th Cir.1992); *In re Brustman,* 217 B.R. 828 (Bankr.C.D.Cal.1997); *In re Moss,* 216 B.R. 556 (Bankr.E.D.Tex.1997); *In re Brent,* [97–2 USTC ¶ 50,699], 212 B.R. 311 (C.D.Ill.1997); *In re Occhipinti,* [98–1 USTC ¶ 50,112], 1997 WL 837627 (Bankr. M.D.Fla.1997); *In re Ramos,* 208 B.R. 655 (W.D.Tex.1996); *In re Cowen,* 207 B.R. 207 (Bankr.E.D.Cal.1997); *In re Shedd,* 190 B.R. 692, 693–94 (Bankr.M.D.Fla. 1996); *In re Harris,* 167 B.R. 680, 682–83 (Bankr.M.D.Fla.1994); *In re Ringdahl,* 1991 WL 284105 (Bankr.M.D.Fla.1991); *In re Molina,* [89–1 USTC ¶ 9219], 99 B.R. 792, 795 (S.D.Ohio 1988); *In re Brickley,* [87–1 USTC ¶ 9313], 70 B.R. 113 (9th Cir. BAP 1986). But see *In re Odell,* 221 B.R. 1000 (Bankr.M.D.Fla.1998); *In re Elliott,* 1997 WL 401592 (Bankr.M.D.Fla.1997); *In re Macko,* 193 B.R. 72 (Bankr.M.D.Fla. 1996). *Mouradian v. U.S.,* 1998 WL 953981, 84 A.F.T.R.2d 99–5873, 98–2 USTC P 50,701 (M.D.Fla.1998).

In *In re Moss, Supra,* Chapter 13 Debtors objecting to the IRS' claim of priority status argued a case with identical legal principles to that before this Court. This Court found that the three year period prescribed by § 507(a)(8)(A)(i) should be extended for the period of time the Moss' previous bankruptcy was pending for "[t]o allow any other result would be contrary to Congress' intent of allowing the IRS three years to collect income taxes." *Moss, Supra* at 557. The Mosses contended that there is no explicit statutory provision in the Bankruptcy Code that provides for tolling under § 507 during the time in which the previous bankruptcy case was pending. The Court found in favor of the IRS. The same judicial and equitable principles that led to this Court's conclusion in Moss dealing with § 507(a)(8)(A) apply to this case.

This Court is a court of law. However, it is also a court of equity. The Court seeks to do substantial justice, not to make a game out of the statutorily prescribed deadlines and rules of procedure. The facts are that the Debtor was in a bankruptcy proceeding when the taxes were assessed. There is no evidence to controvert that the taxes were properly assessed during the pendency of the Debtor's bankruptcy. During that bankruptcy, the IRS was prevented from taking action to collect the tax liabilities by the operation of the automatic stay under § 362. After that bankruptcy was dismissed only 108 days passed until the current bankruptcy was filed. The Debtor offered this Court testimony that she did not file any of her bankruptcies to frustrate the IRS or prevent it from collecting her taxes due, rather her filings were motivated by her efforts to save her home from foreclosure. While this certainly may be true, it certainly does not constitute a demonstration that equity requires that her taxes which would have been priority claims be reclassified as general unsecured claims just because she happened to be in a previous bankruptcy proceeding. Whether it was intentional or not, the IRS was deprived of the full 240 days to pursue collection of the tax between assessment and bankruptcy. No evidence was presented to show why

the government should not have the benefit of the other 132 days of the 240 day period before having the tax liability relegated to an unsecured status.[2] What is clear is that: "[p]ublic policy concerns and simple notions of fairness suggest that the Bankruptcy Code 'was not promulgated as a means to thwart creditors, such as the IRS, by the filing of successive petitions' and 'was not designed to allow debtors to create a scheme of bypassing the [C]ode's non-dischargeability provisions by filing a petition, letting the priority period expire, dismiss their case, and refile again (in order to discharge the taxes), thereby making themselves unreachable by the IRS.'" *In re Bair,* 240 B.R. 247, 251 (Bkrtcy.W.D.Tex.1999) citing to *In re Miller,* 199 B.R. 631, 634 (Bkrtcy.S.D.Tex. 1996). As this Court concluded previously, by assigning nondischargeable, priority status to income tax claims in sections 507(a)(8) and 523(a)(1), Congress apparently intended to provide the government full and unimpeded periods to collect income taxes so as to avoid shifting burdens from lost revenues to other taxpayers. *In re Moss, Supra* at 557 (Bkrtcy.E.D.Tex.1997). Tolling the 240 days provided under § 507(a)(8) promotes both public policy and the legislative intent of affording the IRS a reasonable time to pursue collection efforts. Moreover, tolling the 240 days prevents debtors from evading their tax obligations by contrived successive filings and dismissals such as Congress intended to address in enacting § 105(a).

## CONCLUSION

For the foregoing reasons, this Court finds that the 240 day period under § 507(a)(8)(A) was tolled during the pendency of the Debtor's prior bankruptcy case. Thus, the IRS' claim is entitled to priority status as contemplated under § 507and the Debtor's objection to same

may not be sustained. An order will be entered accordingly.

---

**2.** A fertile imagination might very well conceive of a scenario where the equities would make it blatantly unfair to allow the government additional time and declare the tax a general unsecured debt. No such scenario

has been presented to this Court in this case and as the Fifth Circuit pointed out in *Quenzer,* those determinations are fact driven and the facts must be clearly developed before equitable relief can be afforded.