**In re AFFILIATED FOOD STORES, INC., Debtor.**

**United States of America, Appellant,**

v.

**Joseph Colvin, Trustee, et al., Appellees.**

**No. 4:01–CV–0396–A.**

United States District Court, N.D. Texas, Fort Worth Division.

July 26, 2001.

Massie Tillman, U.S. Bankruptcy Court, Chambers of Judge Massie Tillman, Fort Worth, Pro se.

Jon E. Fisher, Attorney at Law, U.S. Department of Justice, Tax Division, Dallas, TX, for Internal Revenue Service, appellants.

John David Penn, Attorney at Law, Haynes & Boone, Fort Worth, TX, for Joseph Colvin, Liquidating Trustee, appellees.

John Anson Lee, Attorney at Law, Andrews & Kurth, Dallas, TX, for Aetna Life Insurance Co.

### ORDER

McBRYDE, District Judge.

Came on for consideration the above-captioned action. This is an appeal from an order sustaining the liquidating trustee's objection to claims of the Internal Revenue Service signed by the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, the Honorable Massie Tillman presiding. The court, having considered the briefs of appellant, United States of America, and appellees, Joseph Colvin, liquidating trustee of Affiliated Food Stores, Inc., ("Trustee") and Aetna Life Insurance Company ("Aetna"), the record on appeal, and applicable authorities, finds that the order should be reversed and that judgment should be rendered that appellant is the holder of a priority claim for $1,038,181.50 in unpaid income taxes.

This is the third time that this matter has been before the court. The court's earlier opinions are published at 203 B.R. 930 (N.D.Tex.1996), and at 222 B.R. 799 (N.D.Tex.1998). In each of those appeals, the court remanded the action to the bankruptcy court for a determination of whether equitable tolling should apply.[1] The court did not remand the action so that the Trustee could persuade the bankruptcy judge to endorse findings made out of whole cloth to the effect that the Trustee was wholly without blame and that appellant's claim should be relegated to unsecured status.[2]

The court has concluded from a *de novo* review of the record that appellant has established as a matter of law that it is entitled to equitable tolling. At the time of the filing of debtor's first petition in August 1990, its federal income tax years for 1980, 1983, 1984, 1986–1989 were all subject to examination and audit by appellant; and, the periods for appellant to audit, assess, and collect the taxes owed by debtor were "open" for all those years.

---

1. The court has twice told the bankruptcy court that the record did not include any evidence that would support the denial of equitable tolling. 203 B.R. at 940–41, 222 B.R. at 802–03. And, to this day, the record does not contain such evidence. The bankruptcy court's findings to the contrary are clearly erroneous.

2. In its 1998 opinion, the court noted some of the inequitable conduct of the Trustee. 222 B.R. at 803. The bankruptcy court wholly ignored the suggestion that a reassessment of the Trustee's behavior was in order. The record reflects that the questionable conduct continues, e.g., preparation of findings and conclusions that directly contradict rulings made in earlier appeals in this action and inclusion of citations to cases that had been overruled, were no longer good law, or did not stand for the propositions cited.

Because of the automatic stay resulting from debtor's first bankruptcy filing, other events related to the first bankruptcy, the filing of the second petition, and events related to the second filing, appellant has been prevented at all times since August 1990 from collecting the taxes, or the interest on the taxes, owed by debtor for those years.

The bankruptcy court has received no evidence at variance with the facts recited in the opinions of this court in the two prior appeals in support of IRS's equitable tolling theory. The inequitable conduct of the Trustee has already been recited in the court's opinion at 222 B.R. at 803. Other inequitable conduct by the Trustee is recited in appellant's brief, but need not be recited here. There is no evidence in the record of any fact that would preclude appellant from being entitled to benefit from equitable tolling. The court is satisfied that, as a matter of law, the bankruptcy court erred in requiring that there be bad faith or dilatory conduct by the Trustee in order for appellant to be entitled to equitable tolling. *See Morgan v. United States (In re Morgan)*, 182 F.3d 775, 779–80 & n. 8 (11th Cir.1999); *U.S. v. Gilmore*, 226 B.R. 567, 577 (E.D.Tex.1998); *In re Hoppe*, 259 B.R. 852, 855–56 (Bankr. E.D.Tex.2001).

Accordingly,

The court ORDERS that the bankruptcy court's order on liquidating trustee's objection to claims of IRS after remand, signed April 6, 2001, be, and is hereby, reversed, and that judgment be, and is hereby, rendered that appellant is the holder of a priority claim in the amount of $1,038,181.50.